ROY L. BOWMAN
Name

093251
Prison Number

Great Plains Corr. Facility
Place of Confinement

**FILED**

AUG 16 2005

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

CIV-05-954 L

ROY LAMONTE BOWMAN, Petitioner
(Full Name)

vs.

SAM CALBONE, RON WARD, Respondent
(Name of Warden, Supervisor, jailer, or
authorized person having custody of
petitioner)
and
The Attorney General of the State of
OKLAHOMA, Additional respondent

Case No. _____
(To be supplied
by the Clerk)

PETITION FOR A WRIT OF
HABEAS CORPUS PURSUANT
TO 28 U.S.C. § 2254 BY A
PERSON IN STATE CUSTODY

Note: If petitioner is attacking a judgment which imposed a sentence to be served in the future, petitioner must fill in the name of the state where the judgment of conviction was entered. If the petitioner has a sentence to be served in he future under a federal judgment which he wishes to attack, he should file a motion under 23 U.S.C. § 2255, in he federal court which entered the judgment.

1) Name the location of the court which entered the judgment of conviction under attack
   Commanche County District Court

2) Date judgment of conviction was entered   Sept. 17, 1976

3) Case number   CRF-76-202

4) Length and terms of sentence
   10 Years to Life

5) Are you presently serving a sentence imposed for a conviction other than the conviction under attack in this motion?   ☐ Yes   ☒ No

6) Nature of the offense involved (all counts)   2nd Degree Murder

7) What was your plea? (check one)

   a) Not Guilty ☒   b) Guilty ☐   c) Nolo Contender ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: N/A

8) If you entered a plea of guilty pursuant to a plea bargain, state the terms and conditions of the agreement  N/A

9) Kind of trial (check one)

   a) A jury ☒   b) A judge without a jury ☐

10) Did you testify at trial (if any)?   Yes ☒   No ☐

11) Did you appeal from the judgment of conviction? Yes ☒   No ☐

12) If you did appeal, state the name and location of the court where the appeal was filed, the result, and case number and the date of the court's decision (or attach a copy of the courts opinion or order)  Oklahoma Court Of Criminal Appeals
    Bowman V. State, 585 P. 2d 1373 (Okl. Cr. 1978)

13) If you did not appeal, explain briefly why you did not  N/A

   a) Did you seek permission to file a late appeal?   Yes ☐   No ☒

14) Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?   Yes ☒   No ☐

15) If your answer to 14 was "Yes" give the following information:

   a) First petition, application or motion.

      1) Name of court  Commanche County District Court

      2) Nature of proceeding  Post Conviction

      3) Grounds raised  Improper Sentencing 2. Excessive Sentence rendered by the Court. 3. Ineffective Assistance of Councel

4) Did you receive an evidentiary hearing on your petition, application or motion?

   Yes ☒   No ☐

5) Result  Denied

6) Date of result  March 1985

7) Did you appeal the result to the higher state court having jurisdiction? Yes ☒  No ☐

   If you did appeal give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order)  Oklahoma Court Of Criminal Appeals

8) If you did not appeal, briefly explain why you did not  N/A

b) As to any second petition, application or motion give the following information:

   1) Name of court  Commanche County District Court

   2) Nature of proceeding  Post Conviction

   3) Ground raised  Improper Sentenced Rendered by the Court.

   4) Did you receive an evidentiary hearing on your petition, application or motion?

      Yes ☐   No ☒

   5) Result  Denied

   6) Date of result  June 1985

   7) Did you appeal the result to the highest state court having jurisdiction? Yes ☐  No ☒

      If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order)  N/A

   8) If you did not appeal, briefly explain why you did not  The Court was making a ruling on a new case and filing at that time was not proper.

c) As any third petition, application or motion, give the following information:

   1) Name of court  Commanche County District Court

   2) Nature of proceeding  Post Conviction

3) Grounds raised  Unconsitutional Sentencing rendered by the Trial Court.

4) Did you receive an evidentiary hearing on your petition, application or motion?
   Yes ☒x   No ☐

5) Result The trial court found that the sentence was improper and resentenced Petitioner to life.

6) Date of result  September 1989

7) Did you appeal the result to the highest state court having jurisdiction? Yes ☒   No ☐

   If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order) The Court of Criminal Appeals for the State of Oklahoma PC-89-1104 (Bowman v. State, 739 P.2d 631 Okl. Cr. 1990)

8) If you did not appeal, briefly explain why you did not N/A

16) State concisely every ground on which you claim that you are being unlawfully held. Summarize briefly the facts supporting each ground. If necessary, you may attach up to two extra pages stating additional grounds or supporting facts. You should raise in this petition all available grounds for relief which relate to the conviction under attack.

## CAUTION

Before proceeding in a federal court, you are required to exhaust the remedies available to you in the state courts as to each ground on which you request action by the federal court.

A. (1) Ground one:  Petitioner was denied due process of laws

   2) Supporting facts; (Without citing legal authority or argument state briefly the facts which support your claim) Petitioner was tried and was found guilty jury sentenced to 40 years to life. Trial court on it's own authorty resentenced Petitioner to serve 10 years to life in the case CRF-76-202. Petitioner filed timely appeals. Petitioner was granted a post conviction, but was resentenced to a 10 to life sentence. Petitioner was granted pre-parole in September, 1991 with the understanding that he would be granted a full parole after one year. Petitioner remained on pre-parole for 5 years, Petitioner was arrested in Sept.1996 but before Petitioner appeared in court, he was returned to prison on a misconduct report. Petitioner filed a timely appeal and 2 years later the misconduct was expunged by the District Supervisor of Probation and parole, stating that Petitioner was denied Due Process.

Still the Petitioner remains in Prison and has not been returned to his former status. even though this is a violation of the procedures set forth in OP-060125 VIII A 3. Petitioner has not been given a revocation hearing for 7 years the petitioner has sought relief from both administrative and Distrct Court. Petitioner has sought relief at the Court of Criminal Appeals and now seeks relief from this Honorable Court.

3) Statement of exhaustion of state remedies as to ground one:

### Direct Appeal

a) If you appealed from the judgment of conviction did you raise this issue?
Yes ☐   No ☒

b) If you did not raise this issue in your direct appeal, explain briefly why you did not  This issue did not exsist and could not have been for seen.

### Post-Conviction Proceedings

c) Did you raise this issue by means of a post-conviction motion or petition for habeas corpus in a state trial court?   Yes ☒   No ☐

d) If your answer to (C) is "yes" state the type of motion or petition, the name and location to the court where the motion or petition was filed, the case number (if Known), the result and the date of the court's decision  Habeas Corpus  Caddo County District Court, P.O. Box-105 Anadarko, Ok CS-2004-105 Denied April 5th 2004

e) Did you receive an evidentiary hearing on your motion or petition?
Yes ☐   No ☒

f) Did you appeal for the denial of your motion or petition?   Yes ☒   No ☐

g) If your answer to (f) is "yes" state whether this issue was raised in the appeal, Yes ☒ No ☐, and state the name and location of the court where the appeal was filed, the case number and the date of the court's decision (or attach a copy of the court's opinion or order)  Oklahoma Court of Criminal Appeals 2300 N. Lincoln Blvd. Oklahoma City, Oklahoma 73105, HC-2004-542 Dismissed July 20, 2004

h) If your answer to question (e), (f), or (g) is "NO", briefly explain   N/A

### Other Remedies

i) Describe all other procedures (such as habeas Corpus in the state supreme court, administrative remedies, etc.) you have used to exhaust your state remedies as to the issue  Request to Staff to the Department of corrections, Request to the State Pardon and Parole (Request of Computation and hearing) request made to warden, case manager, milt Gilliam parole investigator District court and Court of Appeals.

## Post-Conviction Proceedings

(c) Did you raise this issue by means of a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☒ No ☐

(d) If your answer to (c) is "Yes" state the type of motion or petition, the name and location of the court where the motion or petition was filed, the result and the date of the court's decision  Habeas Corpus, Caddo County District Court P.O. Box 10, Anadarko, Okla., Case # CS-2004-105 Debied April 5th, 2004

(e) Did you receive an evidentiary hearing on your motion or petition? Yes ☐ No ☒

(f) Did you appeal from the denial of your motion or petition? Yes ☒ No ☐

(g) If your answer to (f) is "Yes" state whether this issue was raised in the appeal, Yes ☒ No ☐

(h) If your answer to question (e), (f), or (g) is "NO", briefly explain  N/A

## Other Remedies

(i) Describe all other procedures (such as habeas in the state supreme court, administrative remedies, etc.) you have used to exhaust your state remedies as to the issue  Heabeas Corpus to District Court, Appeal to Oklahoma Court od Criminal Appeals, 2300 N. Lincoln Blvd. Oklahoma City, Okla, HC-2004-542 Dismissed july 20, 2004 See Letter From the Court (ATTACHED)

17) Have all grounds for relief raised in this petition been presented to the highest state court having jurisdiction? Yes ☒ No ☐

18) If you answered "NO" to question 17, state which grounds have not been so presented and briefly give your reason(s) for not presenting them  N/A

19) If any of the grounds listed in 16 A, B, and C were not previously presented in any other court, state or federal, state briefly what grounds were not so presented, and give your reasons for not presenting them  N/A

20) Have you previously filed any type of petition, application or motion in a federal court regarding the conviction under attack? Yes ☒ No ☐. If "Yes", state the location of the court, the type or proceeding, the issues raised, the result and the date of the court's decision for each petition, application or motion filed

b)   (1) Ground Two: __See inserted page_____

_____

(2) Supporting Facts: (without citing legal authority or argument state briefly the facts which support your claim)

See inserted page

(3) Statement of exhaustion of state remedies as to ground two:

**Direct Appeal**

(a) If you appealed from the judgment of conviction did you raise this issue?
   Yes ☐   No ☒
(b) If you did not raise this issue in your direct appeal, explain briefly why you did not  This issue did not exsist and cound not have been forseen

_____

**Post-conviction Proceedings**

(c) Did you raise this issue by means of a post-conviction motion or petition for habeas corpus in a state trial court?   Yes ☒   No ☐
(d) If your answer to (c) is "yes", state the type of motion or petition, the name and location of the court where the motion or petition was filed, the result and date of the court's decision  Habeas Corpous  Caddo County District Court P.O. Box 10, Anadarko, Okla., Case # CS-2004-105 Denied April 5th, 2004
(e) Did you receive and evidentiary hearing on your motion or petition?
   Yes ☐   No ☒
(f) Did you appeal from the denial of your motion or petition?  Yes ☒   No ☐
(g) If your answer to (f) is "Yes" state whether this issue was raised in the appeal, Yes ☒  No ☐, and state the name and location of the court where the appeal was filed, the case number and the date of the court's decision (or attach a copy of the court's opinion or order)  Oklahoma Court Of Criminal Appeals 2300 N. Lincoln Blvd. Oklahoma City, Oklahoma, HC-2004 542 Dismissed July 20, 2004

(1) Ground Two:
Petitioner was denied Due Process when:
a.  Petitioner was denied his right to a timely appeal as set forth in OP-060125 V-A (Due Process Review by the Facility Head/District Supervisor (3-4236, 3-ACRS-3C-13).
b.  Petitioner was not heard for twenty-two months OP-060125 V-B (Appeal to the Director).
c.  Petitioner was not returned to Pre-parole status after the dismissal of the misconduct as stated in OP-060125 VIII (Dismissal of the Offense report (3-4234)
d.  that there was no factual grounds for Petitioners return to prison.
e.  that no probable cause hearing was given to establish any of the facts after parolee was taken into custody.
f.  that no revocation hearing was given.

(2) Supporting Facts: (without citing legal authority or argument state briefly the facts which support your claim)

The Petitioner was returned to custody before he was due to appear in court. Only on the charges presented in the police report was the petitioner found guilty not by the district court. The police report was the only evidence presented at the misconduct hearing. The Department of Corrections did not give the Petitioner a chance to present witness for his defence Petitioner was instructed to have his witnessess present at 10 a.m. this notice was given to the witnessess so that they informed of the Date, Time and place. That hearing was heald an hour before the petitioner's witnesses were to appear, so the only evidence heard was the police report. When the Petitioner filed his appeal in accordance to the procedure set forth in OP-060125 by the Department of Probation and Parole and the Department Of Corrections it was not heard for twenty-two months nor was there any notice posted to extend that time alloted to hear the appeal. Twenty-two months later Petitioner was informed that the miscounduct was expounged because it was not heard and lay setting on someones desk. The Petitioner was not returned to pre-parole status as stated in OP-060125 nor was he given a revocation hearing or a probable cause hearing, no finding of fact nothing was given, a violation of every rule set forth by the Department of Probation and Parole.

(h) If your answer to question (e), (f), or (g) is "No", briefly explain _____

### Other Remedies

(i) Describe all other procedures (such as habeas corpus in the state supreme court, administrative remedies, etc.) you have used to exhaust your state remedies as to the issue  Habeas Corpus Caddo County District Court P.O. Box 10, Anadarko, Oklahoma Case # CS-2004-105 Denied April 5th, 2004

(c) (1) Ground Three: Petitioner have been denied the procedural protection set forth in Morrissey. V. Brewer and Young V Harper.

(2) Supporting Facts: (Without citing legal authority or argument state briefly the facts which support your claim)  Petitioner was released through the Oklahoma Pre-parole Conditional Supervision Program in 1991 which was enacted to reduce prison overcrowding. Petitioner was returned with out court hearing or revocation hearing. Petitioner was given a misconduct and the misconduct was esponged from his record because he was not given due process. How ever the Petitoner was not returned to his former level and was never given the hearing that the court and Op-060125 so mandated that he be given (see brief in HC-2004-542)

(3) Statement of exhaustion of state remedies as to ground three:

### Direct Appeal

(a) If you appealed from the judgment of conviction did you raise this issue?
Yes ☐   No ☒

(b) If you did not raise this issue in your direct appeal, explain briefly why you did not This issue did not exsist and could not have been forseen.

21) Do you have any petition, application, motion or appeal now pending in any court, either state or federal, regarding the conviction under attack? Yes ☐ No ☒ If "Yes", state the name of the court, case file number (if known), and the nature of the proceeding _____

22) Give the name and address, if know, of each attorney who represented you in the following stages of he judgment attacked herein:
(a) At preliminary hearing _____

(b) At arraignment and plea _____

(c) At trial _____

(d) At sentencing _____

(e) On Appeal _____

(f) In any post-conviction proceeding _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

23) Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐   No ☒

24) Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?   Yes ☐   No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future _____N/A_____

(b) And give date and length of service to be served in the future _____N/A_____

(c) Have you filed, or did you contemplate filling, any petition attacking the judgment which imposed the sentence to be served in the future? Yes ☐   No ☒

Wherefore, petitioner prays that the court grant him such relief to which he may be entitled in this proceeding.

_____    _____/s/ signature_____
Signature of Attorney (if any)        Signature of Petitioner

_____

_____

(Attorney's full address and telephone number)

## DECLARATION UNDER PENTALTY OF PERJURY

The undersigned declares (or certifies, verifies, or states) under penalty of perjury that he is the petitioner in the above action, that he has read the above pleading and that the information contained herein is true and correct. 28 U.S.C. § 1746. 18 U.S.C. § 1621.

Executed at _____ on _____, 20____
                (Location)                                    (Date)

_____
                (Signature)

Pat Sears         #03011190
NOTARY            COM. EXP.
                  8-13-07

8-12-05
DATE

[Notary seal: PAT SEARS, NOTARY PUBLIC, #03011190, EXP. 8/13/07, IN AND FOR STATE OF OKLAHOMA, CADDO COUNTY]