IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROY LAMONTE BOWMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-05-954-L |
| | ) |
| SAM CALBONE, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

The present action arises from a prison disciplinary proceeding and termination of Mr. Roy Bowman's participation in a pre-parole program. The Petitioner seeks a writ of habeas corpus, and the Court should deny relief on grounds of timeliness.[1]

Procedural History

In 1991, Mr. Bowman was placed in the Pre-Parole Conditional Supervision ("PPCS") program. *See* Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody at p. 4 (Aug. 16, 2005) ("Petition"). In September 1996, the Petitioner was arrested, returned to custody, and charged with a disciplinary infraction. *See id.* He obtained a misconduct conviction in 1996,[2] but officials expunged the conviction in 1998.[3] According

---

[1] The Court has not ordered a response by the state attorney general because the petition shows on its face that it is untimely. *See Williams v. Boone*, 166 F.3d 1223, 1999 WL 34856 (10th Cir. Jan. 28, 1999) (unpublished op.) (upholding the district court's *sua sponte* dismissal of a habeas petition on grounds of timeliness).

[2] *See* Petition at p. 9.

[3] *See* Petition at p. 4.

to Mr. Bowman, he was not returned to the PPCS program or provided a retroactive PPCS revocation hearing. *Id.* at pp. 8-9.

On May 3, 2000, Mr. Bowman executed a state petition for a writ of habeas corpus. *See* Petition, Attachments 8-9. Mr. Bowman was unsuccessful in state district court,[4] and the Oklahoma Court of Criminal Appeals decided on May 21, 2001, to deny relief.[5]

The Petitioner initiated the present action no earlier than August 12, 2005.[6] He alleges: (1) denial of due process in the 1996 disciplinary hearing, (2) denial of an appeal from the 1996 disciplinary conviction, (3) lack of evidence to remove him from the PPCS program in 1996, (4) failure to conduct a probable cause hearing after his return to state custody in 1996, (5) lack of a retroactive revocation hearing concerning his removal from the PPCS program, and (6) failure to return him to the PPCS program in November 1998. Petition at pp. 4-5, 9.

---

[4]   *See* Petition at p. 5.

[5]   Petition, Attachment 9.

[6]   The Court Clerk received the petition on August 16, 2005, and file-stamped the document on the same day. *See* Petition at p. 1. However, the petition is deemed "filed" when Mr. Bowman deposited it in the prison mail system. *See Hoggro v. Boone*, 150 F.3d 1223, 1226 n.3 (10th Cir. 1998); *see also Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a prisoner's notice of appeal is deemed "filed" when he delivers it "to prison authorities for forwarding to the District Court"). The petition was notarized on August 12, 2005, and the Court can assume *arguendo* that Mr. Bowman placed the document in the prison mail system on that date. *See* Petition at p. 12.

Timeliness of the Petition

A one-year limitations period applies in state prisoners' habeas actions.[7] *See* Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1)(A)-(D) (2000). The one-year period begins when the factual predicate of the claim was discovered or could have been discovered with due diligence. Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1)(D) (2000); *see Algenstedt v. Champion*, 42 Fed. Appx. 129, 131 (10th Cir. June 11, 2002) (unpublished op.) (stating that 28 U.S.C. § 2244(1)(D) provides "[t]he relevant statutory measuring event" when the habeas petitioner sought recalculation of earned credits under 28 U.S.C. § 2241); *Walker v. State of Oklahoma*, 15 Fed. Appx. 689, 691 n.2 (10th Cir. July 19, 2001) (unpublished op.) (habeas claims under 28 U.S.C. § 2241 are subject to the one-year limitations period, which begins as stated in 28 U.S.C. § 2244(d)(1)(D)).

---

[7] Mr. Bowman filed his petition under 28 U.S.C. § 2254. *See* Petition at p. 1. But he is challenging the execution of his sentence, which is considered under 28 U.S.C. 2241. *See McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997); *see also Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (attacks on prison disciplinary proceedings are considered attacks on the execution of a sentence, triggering 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254). The Tenth Circuit Court of Appeals has held that "[u]nder the Antiterrorism and Effective Death Penalty Act of 1996 . . ., applications for writs of habeas corpus challenging the execution of a state sentence under § 2241 are subject to a one-year period of limitations." *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

I.  Computation of the Limitations Period Without Tolling

The limitations period varies among Mr. Bowman's multiple claims.

A.  Alleged Denial of a Probable Cause Hearing and Insufficient Evidence to Terminate the Petitioner's PPCS Participation

In part, the Petitioner complains about his removal from the PPCS program, alleging that prison officials had: (1) failed to conduct a "probable cause hearing . . . to establish . . . the facts after [he had been] was taken into custody," and (2) lacked sufficient evidence to terminate his participation. Petition at p. 9. Authorities removed the Petitioner from the program on September 3, 1996, and the removal triggered the related habeas claims. *See id.* at p. 4; *see also* Petition for Writ of Habeas Corpus at p. 2, *Bowman v. State of Oklahoma*, Case No. CS-04-105 (Caddo Co. Dist. Ct. verified June 3, 2004). Thus, the limitations period for these claims began to run on September 3, 1996, and would have ended on September 3, 1997, without tolling.

B.  Alleged Due Process Violations Stemming from the 1996 Disciplinary Conviction and Failure to Return the Petitioner to the PPCS Program Following Expungement

Mr. Bowman was found guilty of a disciplinary conviction in September 1996. *See supra* p. 1. But officials expunged the disciplinary conviction on November 23, 1998. *See id.* p. 1. In his petition, Mr. Bowman alleges due process violations in the disciplinary proceedings and in the failure to return him to the PPCS program after the misconduct conviction had been expunged. Petition at p. 9.

The perceived irregularities in the disciplinary conviction and related appeal were obviously discoverable between 1996 and 1998, when they took place. But Mr. Bowman sought administrative remedies and these proceedings continued until the notification of expungement on November 23, 1998. *See* Petition, Attachment 8. The Court can assume *arguendo* that the factual predicate of the related habeas claims had become discoverable on or about November 23, 1998, when Mr. Bowman learned that the administrative proceedings had ended. *See id.* Thus, without tolling, the limitations period for these claims would have terminated on or about November 23, 1999.

Apart from the alleged procedural irregularities, Mr. Bowman complains of the failure to return him to the PPCS program after the expungement of his disciplinary conviction. Petition at p. 9. The Petitioner would have discovered on or about November 23, 1998, that he was not being returned to the PPCS program following the expungement. *See* Petition, Attachment 8. Thus, the limitations period for claims involving the failure to return Mr. Bowman to the PPCS program would have begun on or about November 23, 1998, and expired without tolling on or about November 23, 1999.

C.   Alleged Lack of a Retroactive Revocation Hearing

According to Mr. Bowman, he was denied a "revocation hearing." Petition at p. 9. The existing record does not disclose precisely when Mr. Bowman had learned that he would not have a revocation hearing. But on May 5, 2000, the Petitioner filed state court pleadings which demonstrated his knowledge of this fact. *See* Petition, Attachments 8-9. Thus, the limitations period began by May 5, 2000, and would have expired without tolling by May

5, 2001. *See Waltower v. Kaiser*, 17 Fed. Appx. 738, 740 (10th Cir. Mar. 21, 2001) (unpublished op.).[8]

II.   Statutory Tolling

Federal law provides that the limitations period is tolled for a "properly filed application for State post-conviction or other collateral review." Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(2) (2000). The state habeas petition was pending in state court from May 5, 2000, to May 21, 2001. *See supra* pp. 2, 5. Thus, without further tolling, the limitations period would have begun by May 21, 2001, on all of the habeas claims and ended by May 21, 2002.[9]

III.   Equitable Tolling

The limitations period may be subject to equitable tolling "in rare and exceptional circumstances. . . ." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). To qualify for

---

[8]   In *Waltower v. Kaiser*, an Oklahoma prisoner sought habeas relief based on the state's elimination of the PPCS program. See *Waltower v. Kaiser*, 17 Fed. Appx. at 739. In part, the prisoner claimed that elimination of the program was unconstitutional as applied to his circumstances. *See id.* at 739. The Tenth Circuit Court of Appeals held that for this claim, the limitations period began under 28 U.S.C. § 2244(d)(1)(D) when he was allegedly denied a hearing regarding his eligibility for preparole release. *Id.* at 739-40.

[9]   Mr. Bowman filed a second state court habeas petition in June 2004. *See* Petition for Writ of Habeas Corpus, *Bowman v. State of Oklahoma*, Case No. CS-04-105 (Caddo Co. Dist. Ct. verified June 3, 2004). But by then, the limitations period had already expired on all of the current claims. *See*, *e.g.*, *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) ("Fisher's petitions cannot be tolled for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until after . . . the end of the limitations period . . . .").

equitable tolling, however, the habeas petitioner must act with diligence[10] and Mr. Bowman did not.

The limitations period on Mr. Bowman's claims had expired by May 21, 2002,[11] and Mr. Bowman did not file the federal habeas petition until over three years later.[12] The Petitioner has alleged no facts which would explain his failure to pursue the federal claims for over three years, and Mr. Bowman is not entitled to equitable tolling in light of his lack of diligence.

IV.     Summary

The limitations period expired by May 21, 2002, on all of the current claims and Mr. Bowman waited until August 12, 2005, at the earliest, to file the habeas petition. The petition is untimely.

### Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends denial of the habeas petition on grounds of timeliness.

The Petitioner can object to this report and recommendation. To do so, Mr. Bowman must file an objection with the Clerk of this Court. The deadline for objections is September 21, 2005. *See* W.D. Okla. LCvR 72.1(a). The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659

---

[10]     *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

[11]     *See supra* pp. 4-6.

[12]     *See supra* p. 2.

(10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Status of the Referral

The referral is terminated.

Entered this 31st day of August, 2005.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge