IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ROY LAMONTE BOWMAN,     )
    )
        Petitioner,     )
    )
v.     )     No. CIV-05-954-L
    )
SAM CALBONE, et al.,     )
    )
        Respondents.     )

# O R D E R

This matter is before the court for review of the Report and Recommendation entered by the Honorable Robert E. Bacharach on August 31, 2005, recommending that the Petition for Writ of Habeas Corpus be dismissed as untimely.  In his timely filed objections, petitioner argues that the limitations period contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA") does not apply to his claims.  He argues that the statute was not enacted until after his arrest and incarceration in September 1996.  In addition, he appears to argue that the statute of limitations should be equitably tolled because he has diligently pursued his claims.

Pursuant to 28 U.S.C. § 636(b), the court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  In accordance with this mandate, the court has reviewed the Report and Recommendation, petitioner's objections thereto and the case file.  Based on this review, the court concludes that the Report and

Recommendation should be approved and adopted in its entirety.  Judge Bacharach

correctly determined that petitioner's claim is time-barred and that he is not entitled

to equitable tolling.  Contrary to petitioner's contention, the AEDPA was enacted

before his September 1996 incarceration; the effective date of the statute is April 24,

1996.  As petitioner's case was filed after that date, the provisions of the AEDPA,

including the one-year statute of limitations, apply to this action.  *See* Rogers v.

Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999).  Petitioner clearly did not file this

action in a timely fashion.  Moreover, petitioner is not entitled to equitable tolling,

which is limited "to 'rare and exceptional' circumstances."  Burger v. Scott, 317 F.3d

1133, 1141 (10th Cir. 2003) (*quoting* Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir.

2000)).

> Equitable tolling would be appropriate, for example, when
> a prisoner is actually innocent, when an adversary's
> conduct – or other uncontrollable circumstances –
> prevents a prisoner from timely filing, or when a prisoner
> actively pursues judicial remedies but files a defective
> pleading during the statutory period.  Simple excusable
> neglect is not sufficient.

Burger, 317 F.3d at 1141-42 (*quoting* Gibson, 232 F.3d at 808).  Furthermore,

equitable tolling "is only available when an inmate diligently pursues his claims and

demonstrates that the failure to timely file was caused by extraordinary

circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir.

2000), *cert. denied*, 531 U.S. 1194 (2001).  Judge Bacharach correctly found that

petitioner could not satisfy the requirements for equitable tolling.

2

In sum, the Report and Recommendation is approved and adopted in its entirety.  The Petition for Writ of Habeas Corpus (Doc. No. 1) is dismissed as untimely.  Judgment will issue accordingly.

It is so ordered this 19th day of January, 2006.

TIM LEONARD
United States District Judge